NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAFIEEK GRAHAM, | : | |
| Plaintiff, | : | Civil Action No. 11-3784 (SRC) |
| v. | : | **OPINION** |
| YVETTE CORNIEL, ET AL., | : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the Motion of Defendants Yvette Corniel, Roxanne Vega, Shante Brame Adams, Merril Main, Brian Friedman, Jacylen Ottino, and Jonathan Poag (collectively "Defendants") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. (Docket Entry 20) Plaintiff Pro Se Rafieek Graham ("Graham" or "Plaintiff") has not opposed the motion.  The Court has opted to rule without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, this Court will grant Defendants' motion and dismiss the Complaint without prejudice.[1]

---

[1] Because Plaintiff fails to state a claim upon which relief can be granted, the Court need not address Defendants' arguments in favor of summary judgment.  The Court also notes that summary judgment would be inappropriate for procedural reasons.  Local Civil Rule 56.1 requires, inter alia, that a summary judgment movant "shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a).  The Rule further provides that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute *shall be dismissed*." (emphasis added).  Although

I.     **FACTUAL BACKGROUND**[2]

Plaintiff is a persona civilly confined as a "sexually violent predator," pursuant to the Sexually Violent Predator Act ("SVPA" or "the Act"), N.J.S.A. 30:4-27.24 et seq. The SVPA provides a mechanism by which persons declared to be "sexually violent predators" may be civilly committed in a secure facility for the purposes of custody, care, and treatment. N.J.S.A. 30:4-27.34(a). Plaintiff, who is so confined at the East Jersey State Prison ("EJSP") in Avenel, New Jersey, has brought suit against a number of state employees for their roles in allegedly denying him treatment and therapy in violation of his constitutional rights.

In particular, Plaintiff alleges that on May 11, 2011, construction began inside his EJSP unit, at which point therapy sessions were halted for at least five weeks. Plaintiff asserts that he was harassed, threatened, and that his personal belongings were confiscated by the Department of Corrections ("DOC") and Department of Human Services ("DHS") after he complained. Plaintiff also alleges that, in retaliation for having complained, he was improperly designated as refusing treatment and thus unable to work for a period of five months.

Plaintiff seeks damages as well as declaratory and injunctive relief.

II.    **DISCUSSION**

---

Defendants have attached a certification with accompanying exhibits in support of their motion, they have not submitted a Statement of Material Facts Not in Dispute, as required by Rule 56.1. Accordingly, the Court declines to consider Defendants' alternative motion for summary judgment.

[2] In a Rule 12(b)(6) motion, the Court is limited in its review primarily to the complaint and a few basic documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Accordingly, the Court's statement of the facts is derived substantially from the allegations contained in the Complaint (Docket Entry 1) and does not represent factual findings by the Court.

### A. Defendants' Motion to Dismiss the Complaint

Plaintiff has not expressly identified the Constitutional rights he asserts have been violated, but the gravamen of the Complaint is that Plaintiff was denied mental health treatment. As such, the Court understands Plaintiff to be making a § 1983 claim under Youngberg v. Romeo, which recognized that persons who have been involuntarily committed are entitled, under the Due Process clause of the 14th Amendment, to reasonable or minimally adequate care and treatment. 457 U.S. 307, 318-319 (1982). Defendants make a number of arguments in support of their motion to dismiss: First, Defendants argue that this Court should abstain from hearing the case under Younger v. Harris, 401 U.S. 37 (1971). Second, Defendants assert that the Plaintiff's claims against the Defendants in their official capacities are barred by the doctrine of state sovereign immunity. Third, Defendants contend that Plaintiff has failed to state a claim against any of the Defendants in their personal capacities. The Court will consider each of these arguments in turn.

#### 1. Younger Abstention

Defendants argue that this Court should abstain from hearing this lawsuit pursuant to Younger v. Harris, in which the Supreme Court held that a federal district court should generally not hear § 1983 suits to enjoin state Court criminal prosecutions, 401 U.S. at 54. Defendants' reliance on Younger is misplaced. While it is true that the Younger abstention doctrine has been held to apply to noncriminal judicial proceedings in certain circumstances, Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982), the doctrine has not been stretched as far as to reach the case at bar.

Younger abstention is triggered only if three requirements are met: "(1) there must be

pending or ongoing state proceedings which are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise any constitutional issues." O'Neill v. City of Philadelphia, 32 F.3d 785, 789 (3d Cir. 1994) (citing Middlesex, 457 U.S. at 432). Defendants argue that all three of the Middlesex factors are present, pointing to the annual SVPA-mandated review hearing in which the New Jersey Superior Court must determine whether there is a continued need for involuntary commitment. See N.J.S.A. 30:4-27.35. Even assuming that the first two Middlesex prongs are satisfied in the present case, Defendants' Younger argument fails, because the SVPA annual review process is unquestionably designed for the narrow purposes of determining whether the confined individual is still a "sexually violent predator"[3] in need of continued commitment. See N.J.S.A. 30:4-27.30. ("notice of court hearing"); N.J.S.A. 30:4-27.35 ("annual court review hearing"); N.J.S.A. 30:4-27.31 ("rights at court hearing"). Because the Court concludes that an evidentiary hearing concerning a confined individual's psychiatric state and likelihood of recidivism does not provide "an adequate opportunity to raise any constitutional issues," Middlesex, 457 U.S. at 432, the Court rejects Defendants' argument that it should abstain from entertaining Plaintiff's § 1983 suit.

    **2.    Defendants Sued in their Official Capacities: 11th Amendment Immunity**

---

[3] The SVPA defines "sexually violent predator" as "a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J.S.A. 30:4-27.26.

Defendants argue that, to the extent Plaintiff sues Defendants in their official capacities, those claims are barred because the State and its employees acting in their official capacities are not "persons" within the meaning of § 1983, and the Eleventh Amendment generally prohibits federal Courts from hearing suits against states. The Court agrees.

The Eleventh Amendment to the United States Constitution provides that . . . .

> [t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although the Eleventh Amendment only expressly bars federal courts from hearing suits brought against states by citizens of another state or by citizens or subjects of a foreign state, it is well established that the doctrine of sovereign immunity also bars a suit brought by a citizen against his or her own state. See Alden v. Maine, 527 U.S. 706, 712-13 (1999) (describing the phrase "Eleventh Amendment immunity" as "something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment").

A state's immunity from suit under the Eleventh Amendment extends to an agency or department of the state, and to a state official if he or she is sued in his or her official capacity, wherever the state is the "real party in interest;" that is, whenever "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984) ("Pennhurst II") (citing Dugan v. Rank, 372 U.S. 609, 610 (1963)); see also Kentucky v. Graham, 473 U.S. 159,

5

167 (1985) (noting that "official capacity suits 'generally represent only another way of pleading an action against an entity of which the officer is an agent.'") (internal citation omitted).

Only two exceptions to Eleventh Amendment immunity have been recognized by the Supreme Court: waiver of immunity by the state, and abrogation of immunity by Congress. Alden, supra, 527 U.S. at 755-56; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996); Ex parte New York, 256 U.S. 490, 497 (1921); Welch v. Texas Dep't of Highways & Public Transp., 483 U.S. 468, 487 (1987). Section 1983 does not represent an abrogation of a State's immunity. Quern v. Jordan, 440 U.S. 332, 350 (1979). Section § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The defendant in a Section 1983 action, to be liable within the meaning of the statute, must be a "person." A State is not a "person" within the meaning of Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (holding that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Accordingly, a state official acting in his or her official capacity is also not a person within the meaning of Section 1983. Id. at 71. Therefore, to the extent that Plaintiff has sued the Defendants in their official capacities, those claims are barred.

   **3.  Defendants Sued in their Personal Capacities: Failure to State a**

## Claim Upon Which Relief can be Granted

Lastly, the Defendants argue that, to the extent they have been sued in their personal capacities, the claims against them should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The Court agrees.

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true. Twombly, 550 U.S. at 555; Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Third Circuit, following Twombly and Iqbal, has held that the pleading standard of Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips, 515 F.3d at 234. In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Nevertheless, this Court must dismiss the Complaint for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

The Complaint is over-reliant on conclusory language and does not contain sufficient facts indicating what each of the Defendants did to violate the Plaintiff's Constitutional rights. For example, Plaintiff alleges that Defendant Roxanne Vega violated his constitutional rights by "[p]lacing me on [treatment refusal status] for no reason, using her authority to punish me by authorizing D.O.C. to constantly harass and degrade me, using several degrading statements toward me 'causing confusion toward treatment and punishment.'" Plaintiff has not alleged sufficient facts, which, accepted as true, state a facially plausible claim for relief because, among other things, Plaintiff has not stated what treatment refusal status is, how it negatively impacts him or his Constitutional rights, what Defendant Vega did to "authorize" the Department of Corrections to harass and degrade him, how he was harassed and degraded by DOC, or what degrading statements Defendant Vega made toward Plaintiff.  The Complaint is largely devoid of the kind specific factual allegations the Supreme Court held in Twombly and Iqbal are required to survive a motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss the Complaint without prejudice.  An appropriate Order accompanies this Opinion.

                                                   s/ Stanley R. Chesler  
                                               STANLEY R. CHESLER  
                                               United States District Judge

DATED: February 14, 2013

9